Gants, C.J.
(concurring, with whom Spina, J., joins). In Commonwealth v. Tavares, 459 Mass. 289, 303 (2011) (Gants, J., con- *149 curving), I concurred with the court’s conclusion “that the information in the electronic surveillance affidavit, while it provided probable cause to believe that the defendant had committed a murder and that the requested oral interceptions would provide evidence of the defendant’s participation in the murder, did not provide the required reasonable suspicion that the murder was ‘in connection with organized crime.’ ” I wrote separately in that case to highlight that the legislative inclusion of five words in the statutory language in G. L. c. 272, § 99, “in connection with organized crime,” “means that electronic surveillance is unavailable to investigate and prosecute the hundreds of shootings and killings committed by street gangs in Massachusetts, which are among the most difficult crimes to solve and prosecute using more traditional means of investigation.” Id. at 305.1 added, “If the Legislature wishes to avoid this result, it should amend § 99 to delete those words.” Id. To date, no such amendment has been enacted.
The reversal of the convictions in this case is a consequence of the inclusion of those five words. [1] There is no reason to believe that the plague of retaliatory shootings by teenagers and young men belonging to street gangs that are not committed “in connection with organized crime” has materially abated since the concurrence in Tavares was issued, or that those shootings have become any easier to investigate or prosecute. Nor is there any reason to believe that the consequence of those five words can be measured solely by the number of murder convictions that are reversed. No doubt, for every conviction reversed on this ground, there are many more cases that are never indicted or that fall short of conviction because the evidence that may be obtained from oral interceptions, including those intercepted with one-party consent, cannot be obtained in compliance with § 99.
*150 I agree with the court’s reasoning and its judgment, based on the language of § 99.1 concur only to reiterate that only the Legislature can change that language.

To be fair, even prompt legislative action to address this issue after the issuance of the opinion and concurrence in Commonwealth v. Tavares, 459 Mass. 289 (2011), would not have prevented the reversal of the convictions in this case, because the one-party consent recording took place in 2009.